**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**KEEVIN LASHAWN HINTON,**

Petitioner,

v.

**LOU STENDER, Warden,**

Respondent.

Civil No. 00-708 (JMR/JGL)

**REPORT AND RECOMMENDATION**

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter is before the undersigned Magistrate Judge of District Court on Petitioner Keevin LaShawn Hinton's motion to dismiss his Petition for Writ of Habeas Corpus and for the return of his paperwork and $5.00 filing fee (Doc. No. 5). This matter is properly before the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and D. Minn. LR 72.1.

Petitioner commenced this action on March 17, 2000, by filing a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. See Petition (Doc. No. 1). Plaintiff submitted the $5.00 filing fee required by 28 U.S.C. § 1914(a), and filed an application seeking leave to proceed in forma pauperis ("IFP") (Doc. No. 2) which was granted by Order dated March 23, 2000. Petitioner then sent

FILED JUL 21 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

a letter filed March 27, 2000 (Doc. No. 5), that in its entirety reads as follows:

> Please withdraw my federal Habeas Courpus [sic] (ASAP). My civil file # is 00:708 JMR/JGL. Thank you for your cooperation and time. PS. Please send back my paper work and five dollar fee!

The Court understands this letter to be a request for (1) a voluntary dismissal of this action, (2) a copy of Petitioner's previously-filed Petition, and (3) a refund of Petitioner's filing fee.

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts provides that the Federal Rules of Civil Procedure may be applied, when appropriate, to habeas corpus petitions. Under the Federal Rules of Civil Procedure, a plaintiff is entitled to voluntarily dismiss an action at any time before an opposing party serves its answer or a summary judgment motion. See Fed. R. Civ. P. 41(a)(1). Here, the Respondent has not filed any pleadings or motions, and the Court is not aware of any prejudice to the parties should this action be dismissed. Therefore, it is recommended that this action be summarily dismissed without prejudice.[1] It is further recommended that, as a courtesy, the Clerk be directed to send Petitioner a copy of his Petition, as he has requested.

---

[1] The Court notes that this is the first Petition for Writ of Habeas Corpus that Petitioner has filed in this court, and therefore it is proper for the voluntary dismissal to be without prejudice. Rule 41(a)(1) provides that a voluntary dismissal is to be without prejudice, "except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim." Fed. R. Civ. P. 41(a)(1).

Petitioner also requests a return of his $5.00 filing fee. However, Petitioner has not cited any legal authority, and the Court is unaware of any, allowing Petitioner's filing fee to be refunded to him. Pursuant to 28 U.S.C. § 1915(a)(2), a prisoner may be excused from pre-paying the full amount of the filing fee. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of a filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. See Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [Prisoner Litigation Reform Act ("PLRA")] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal"). It is noteworthy that Petitioner paid the $5.00 filing fee before he was granted IFP status. Accordingly, Petitioner's motion for return of his $5.00 filing fee should be denied.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

(1) Petitioner's motion to voluntarily dismiss this action (Doc. No. 5) should be **GRANTED;**

(2) Petitioner's motion for the Clerk of Court to be directed to send Petitioner a copy of his Petition (Doc. No. 5) should be **GRANTED**; and

(3) Petitioner's motion for the return of his filing fee (Doc. No. 5) should be **DENIED.**

Dated: July 21, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge

Pursuant to D. Minn. LR 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by August 8, 2000, written objections which specifically identify the portions of this Report to which objection is being made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.